**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

Lyle W. Cayce
Clerk

No. 11-51103
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE EVERARDO-ABREGO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1834-1

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Everardo-Abrego appeals following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). He was sentenced to 55 months of imprisonment and three years of supervised release. He contends that the 55-month sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).

Because the sentence was within the properly calculated guidelines range of 46 to 57 months of imprisonment, it is entitled to a presumption of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court determined that a sentence at the high end of the guidelines range was appropriate, especially in light of Everardo-Abrego's criminal record. Everardo-Abrego has not shown a clear error of judgment on the district court's part in balancing the § 3553(a) factors. *Id.* He has thus failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338. The district court committed no error, plain or otherwise, as to the substantive reasonableness of the sentence.

Everardo-Abrego raises two additional arguments, which he acknowledges are foreclosed by our precedent, to preserve for further review. He argues that an objection to the substantive reasonableness of a sentence is not required to preserve review. We have held that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). However, we need not determine whether plain error review is appropriate because Everardo-Abrego's arguments fail even under the ordinary standard of review.

He also argues that the presumption of reasonableness should not be applied to his sentence because U.S.S.G. § 2L1.2, the illegal reentry Guideline, double counts prior convictions without an empirical basis. We have consistently rejected Everardo-Abrego's argument, concluding that *Kimbrough v. United States*, 552 U.S. 85 (2007), does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v.*

No. 11-51103

*Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.